11-1828-cr
*United States v. Netschi*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                            No. 11-1828-cr

WALTER NETSCHI,

> *Defendant-Appellant,*

VANCE MOORE, II,

> *Defendant.*[1]

---

**FOR DEFENDANT-APPELLANT:**      BETH M. FARBER, Law Offices of Beth Farber, New York, NY.

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR APPELLEE:**                                     CARRIE H. COHEN (Antonia M. Apps and
                                                     Katherine P. Failla, *on the brief*), *for* Preet
                                                     Bharara, United States Attorney, United States
                                                     Attorney's Office for the Southern District of
                                                     New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered on May 4, 2011 is **AFFIRMED**.

Walter Netschi and his co-defendant Vance Moore, II were each charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and nine counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. One week before the trial was set to begin, Moore pleaded guilty, and the trial proceeded against Netschi only. On November 12, 2010, the jury convicted Netschi on all ten counts in the Indictment. Netschi was sentenced to 100 months' imprisonment on April 22, 2011; the District Court also entered a forfeiture order in the amount of $80 million and entered orders of restitution against Netschi and Moore for more than $58 million. We assume the parties' familiarity with the background of the case, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

The underlying scheme giving rise to the conspiracy and wire fraud charges involved the purported selling of Automated Teller Machines ("ATMs") to investors. The scheme operated like a Ponzi scheme, in that: (1) Netschi purported to locate profitable ATMs and package them to sell to investors; (2) Moore purported to conduct due diligence on the ATMs before a sale and service them after a sale; (3) investors would "purchase" the ATMs from Netschi, who in turn would provide them with a Bill of Sale and a corresponding Asset Purchase Agreement; but (4) for the vast majority of these purported transactions, the ATMs either didn't exist or were owned by third parties not affiliated with Netschi and Moore.

At trial, Netschi argued that he was unaware of this scheme and had relied on Moore to do the due diligence on each of the ATMs. In support of his argument, he attempted to introduce (1) testimony of witnesses regarding statements and reactions he made when and after the scheme was unraveling, and (2) two emails with attachments relating to due diligence on the so-called "Atlas" transaction that was never completed.

2

Before the District Court, Netschi argued that the witness testimony should have been allowed under the "state of mind" exception to the hearsay rule and that the two emails were relevant and should be admitted. The District Court excluded both sets of evidence, finding that the "state of mind" exception did not apply to the proffered testimony and that the two emails lacked the necessary foundation and could cause the jury great confusion. Netschi's appeal focuses only on these two evidentiary challenges.

## DISCUSSION

As district courts maintain "broad discretion over the admission of evidence," *United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001), we review their evidentiary rulings for abuse of discretion only, *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006). Therefore, "[u]nless a district court's determination of relevance is arbitrary or irrational, it will not be overturned." *United States v. Schultz*, 333 F.3d 393, 415 (2d Cir. 2003) (internal quotation marks omitted); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)).

### A. Testimony Regarding Netschi's Statements and Reactions

On appeal, Netschi challenges the District Court's exclusion of testimony by three witnesses—Raymond Kurzon, James Nobles, and Gail Cotton—regarding certain statements Netschi made and reactions he had concerning the unraveling of the scheme.[2] During Kurzon's testimony, the District Court sustained the government's objection to the question, "what did [Netschi] say to you and what was his reaction" when he learned that certain ATM investment funds had been lost. The District Court similarly sustained the government's objection when defense counsel asked Nobles to testify about his "perceptions of how [Netschi] appeared" when Netschi received reports that investors had not been paid for two months. The day after these evidentiary rulings, Netschi asked the District Court to reconsider and made an offer of oral proof about Cotton's anticipated testimony, which related to a conversation she had with Netschi after Moore had filed for bankruptcy.

Netschi argues that these statements fall within Federal Rule of Evidence 803(3)'s "state of mind" hearsay exception. We disagree.[3]

---

[2] Defense counsel made an offer of proof regarding anticipated testimony by Stephen Parks, but Netschi does not challenge the District Court's exclusion of Parks's testimony on appeal.

[3] To the extent that Netschi argues that these statements should have been admitted as lay opinions, it was not an abuse of discretion for the District Court to prohibit Kurzon and Nobles from offering such testimony.

Federal Rule of Evidence 803(3) provides that "[a] statement of the declarant's then-existing state of mind . . . *but not including a statement of memory or belief to prove the fact remembered or believed*" is not excluded by the rule against hearsay. Fed. R. Evid. 803(3) (emphasis added). Thus, to fall within Rule 803(3)'s "state of mind" hearsay exception, the statements sought to be introduced must relate to the declarant's state of mind *during* the various fraudulent transactions. But the excluded statements in this case concerned what Netschi said or did *after* the fraudulent transactions had taken place and as the scheme itself was being discovered.[4] Such statements do not fit within Rule 803(3)'s "state of mind" exception. *See United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991) ("To admit statements of one's state of mind with regard to conduct that occurred . . . earlier as in this case would significantly erode the intended breadth of this hearsay exception."); *United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) ("Of course, to the extent that the declarations excluded by the trial court's rulings were not statements exhibiting Lawal's then existing state of mind, but were instead statements of what he or someone else had done in the past, they would be properly excludable as inadmissible hearsay not within the terms of Rule 803(3).").

In any event, even assuming that the District Court erred by not admitting this testimony, the error was harmless. Indeed, Netschi was allowed to present evidence (through Cotton) that he appeared shocked when he supposedly learned that Moore never owned some of the ATMs, and defense counsel argued that Netschi "was shocked and distraught when he found out the machines were fake." The jury could weigh this testimony against the government's evidence (1) that Netschi knowingly sold ATMs that he knew neither he nor Moore had purchased, and (2) that Netschi had fabricated and backdated documents to create the impression that he had purchased those ATMs from Moore so that it would appear that he also was a victim of the fraud. *See United States v. Farhane*, 634 F.3d 127, 164 (2d Cir. 2011); *United States v. Song*, 436 F.3d 137, 140 (2d Cir. 2006) (deeming harmless the erroneous exclusion of state of mind evidence where defendant "was permitted to testify in sufficient detail as to his theory of the case" and the government presented overwhelming evidence of guilt).

## B. Emails Related to the "Atlas" Transaction

At trial, Netschi sought to introduce two emails sent by or on behalf of Moore that supposedly related to due diligence on the so-called "Atlas" transaction that was never completed. The first email purportedly was sent by Moore's son to "atmcapital@aol.com," an email that was related to Netschi's company. The second email purportedly was sent by Philip Lackey, one of Moore's employees, to "atmcapital@aol.com." Netschi argued that these emails showed that Moore altered profitability information about certain ATMs, and thus, defrauded Netschi of $13 million that Netschi had transferred to Moore for the purchase of those ATMs. Netschi attempted to

---

[4] Some of the statements were made *after* the scheme itself was discovered and *after* Moore had filed for bankruptcy.

introduce these emails through an investigator that saw them in the inbox of "atmcapital@aol.com," rather than through one of the individuals that supposedly sent or received them.

The District Court was well within its discretion to exclude these emails. No foundation existed to establish that these emails were what Netschi asserted, and Netschi's proposed method of introducing them through an investigator with no personal connection—beyond seeing them in an inbox—was insufficient. *Cf. Kassim v. City of Schenectady*, 415 F.3d 246, 251 (2d Cir. 2005) (excluding a translated exhibit where "[t]here was no foundation to establish that the exhibit was a competent translation"). Accordingly, these emails properly were excluded by the District Court.[5]

## CONCLUSION

We have considered all of Netschi's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 4, 2011 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] The trial transcript also suggests that the District Court excluded these emails under Federal Rule of Evidence 403. The District Court acted within its discretion in barring these emails on this alternate basis. *See United States v. Bermudez*, 529 F.3d 158, 161-62 (2d Cir. 2008) ("District courts have broad discretion to balance probative value against possible prejudice, and we will not disturb that balancing unless there is a clear showing of abuse of discretion or that the decision is arbitrary or irrational." (internal citations and quotation marks omitted)).